**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3463
_____

HILTON KARRIEM MINCY,
                                        Appellant

v.

SECURITY LIEUTENANT WILLIAM P. MCCONNELL; SECURITY LIEUTENANT
K. SUTTER; UNIT MANAGER R. SHOWERS; HEARING EXAMINER WILLIAM
COLE; DEPUTY SUPERINTENDENT NANCY A. GIRIOUX; DEPUTY
SUPERINTENDENT MICHAEL HARLOW; SUPERINTENDENT MARILYN
BROOKS; GRIEVANCE COORDINATOR VALERIE KUSIAK;
MEDICAL DIRECTOR MAXINE OVERTON; REGISTERED NURSE MR. LUCAS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:09-cv-00236)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2013

Before: SCIRICA, JORDAN and COWEN, Circuit Judges

(Opinion filed: May 3, 2013)
_____

OPINION
_____

PER CURIAM

Hilton Karriem Mincy, proceeding pro se, appeals from orders of the United States District Court for the Western District of Pennsylvania denying his motions for summary judgment and to reopen discovery, as well as the District Court's entry of judgment on the jury's verdict. For the following reasons, we will affirm the District Court's denial of Mincy's request to reopen discovery and dismiss the appeal to the extent that it is taken from the District Court's pre-trial denial of summary judgment and challenges the conduct of his jury trial.

I.

In September 2009, Mincy, a Pennsylvania inmate, filed a complaint pursuant to 42 U.S.C. § 1983 against prison officials at SCI Albion, alleging that officers retaliated against him by forcing him to recant allegations against staff members at SCI Mahanoy to gain release from SCI Albion's Restricted Housing Unit ("RHU"); forcing him to serve an additional week in the RHU; and issuing a false misconduct report against him. Mincy also alleged that officers denied his grievances in violation of his due process rights and violated his equal protection rights because the alleged retaliatory acts were motivated by race. He subsequently filed a second amended complaint.

The defendants filed a motion to dismiss, and Mincy filed a motion for summary judgment on his retaliation claims shortly thereafter. A Magistrate Judge recommended that Mincy's motion be denied and that the defendants' motion be granted as to Mincy's

2

false misconduct report claim as well as his due process and equal protection claims. The District Court adopted this recommendation; however, Mincy's false misconduct claim was subsequently reinstated after the District Court partly sustained Mincy's objections to the Magistrate Judge's recommendation.

After a three-day trial in August 2012, the jury found in favor of the defendants on all remaining claims, and the District Court entered judgment pursuant to this verdict. This appeal followed.

II.

Mincy alleges that the District Court erred by denying his motion to reopen discovery.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's orders regarding discovery matters for abuse of discretion. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) (explaining also that a discovery order will not be disturbed "absent a showing of actual and substantial prejudice"). Mincy's case had already been pending for almost two years when he filed

---

[1] In December 2010, the District Court ordered that the defendants provide Mincy with a list of any disciplinary actions taken against Lieutenant McConnell as a result of retaliatory conduct or racially discriminatory conduct of the same nature complained of by Mincy. In February 2011, a Magistrate Judge granted Mincy's motion to compel responses to his production requests and his motion for an extension of time to complete discovery. A further extension of time was granted in May 2011 to allow the defendants more time to file responses to Mincy's discovery requests. Mincy's motion to reopen was ultimately denied because he was not entitled to receive personnel files, internal e-mails and correspondence, and defense charts and documents in discovery. The Magistrate Judge also determined that the requests for admissions Mincy had sent to the defendants were untimely. However, Mincy was given permission to file another motion

3

his motion to reopen and compel discovery. Furthermore, Mincy had multiple opportunities to timely seek discovery, and his motion raised untimely requests and asked the District Court to compel the defendants to produce items previously ruled not discoverable. Accordingly, because Mincy was given sufficient opportunities to seek discovery, the District Court did not abuse its discretion by denying his motion to reopen and compel discovery.[2]

Mincy also challenges the District Court's denial of his motion for summary judgment on his First Amendment retaliation claims. However, we cannot entertain his claim. Generally, the denial of a pre-trial motion for summary judgment is non-appealable when a final judgment is entered on a verdict. See Hopp v. City of Pittsburgh, 194 F.3d 434, 439 n.3 (3d Cir. 1999); see also Ortiz v. Jordan, 131 S. Ct. 884, 888-89 (2011) (an order denying summary judgment is not appealable after the case has proceeded to a full trial on the merits, as "the full record developed in court supersedes the record existing at the time of the summary judgment motion"); Akouri v. Fla. Dep't of Transp., 408 F.3d 1338, 1347 (11th Cir. 2005). An exception to this rule allows for appeal, even after a judgment is entered, when "dispositive legal question[s]" are presented. Tuohey v. Chicago Park Dist., 148 F.3d 735, 739 n.5 (7th Cir. 1998); see also United Techs. Corp. v. Chromalloy Gas Turbine Corp., 189 F.3d 1338, 1344 (Fed. Cir.

---

for summary judgment. It is the denial of this discovery request that Mincy challenges.
[2] Mincy's assertion that the District Court impeded his ability to file another motion for summary judgment is belied by the record. He did file a third motion for summary

1999). Here, however, Mincy alleges that the District Court erred in denying his fact-bound request for summary judgment, and so this exception does not apply. Accordingly, we dismiss this portion of his appeal.

Mincy's appeal from the judgment entered on the jury verdict in favor of the defendants presents us with another impediment to our review: the lack of a trial transcript. It is the appellant's duty to arrange for the trial transcript, and we may dismiss an appeal if an appellant fails to do so. See Fed. R. App. P. 3(a)(2); 10(b)(1); 3rd Cir. L.A.R. 11.1; Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal by inmate in civil rights action for failure to provide a transcript). Mincy asserts that the District Court erred by allowing defendants' counsel to repeatedly question him regarding inadmissible evidence, that defendants gave false testimony regarding policy and procedure at SCI Albion, and that the District Court erred by denying his oral motion for judgment as a matter of law under Fed. R. Civ. P. 50. We require the transcript not only to assess the merits of these issues, but to determine whether Mincy preserved them for appellate review. Accordingly, we dismiss this portion of Mincy's appeal, too.

III.

For the foregoing reasons, we will affirm to the extent that Mincy challenges the District Court's discovery orders. Mincy's appeal is dismissed to the extent that he seeks

---

judgment, which was denied as procedurally defective.

review of the denial of his motion for summary judgment and challenges the course of his

jury trial.