IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12004
Non-Argument Calendar
_____

D. C. Docket No. 01-07621-CV-JEM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2005
THOMAS K. KAHN
CLERK

GEORGE AKOURI,

Plaintiff-Appellant
Cross-Appellee,

versus

STATE OF FLORIDA
DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee
Cross-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 7, 2005)

Before MARCUS, FAY and SILER[*], Circuit Judges.

ORDER:

The court, sua sponte, vacates the portion of the opinion published on May 11,

2005, designed as Part III B.(2) and substitutes in its place the following:

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting
by designation.

(2)

Finding that Akouri succeeded in establishing a <u>prima facie</u> case, we now address the DOT's argument that Akouri failed to establish that its proffered non-discriminatory business reason for not promoting him to the Atkins position[1] was pretextual. However, this argument is inapplicable where the plaintiff presents direct evidence of discrimination. <u>Trans World Airlines, Inc. v. Thurston</u>, 496 U.S. 111, 121, 105 S.Ct. 613, 621-622 (1985). Here, Blanchard's discriminatory comments made shortly after the decision to promote Atkins and in direct response to Akouri's inquiry as to the reasons for the promotion decision constituted direct evidence of discrimination. Therefore, we reject the DOT's argument, finding no basis upon which to reverse the district court's denial of DOT's motion for judgment as a matter of law with regard to the Atkins promotion, and affirm the district court's decision.

---

[1]The DOT contended that Akouri did not interview well "in regards to his demeanor during the interview as well as the substance and lack of elaboration in his interview answers."