[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14896
Non-Argument Calendar

_____

D. C. Docket No. 02-01034-CV-W-N

FREDRIC Q. KENDRICK,

Plaintiff-Appellee,

versus

BROADCAST MEDIA GROUP, LLC,

Defendant-Appellant,

CHANNEL 32 MONTGOMERY,LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 20, 2006)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

In this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. '' 2000e-2(a)(1) & 2000e-3(a), as amended by the Civil Rights Act of 1991, and 42 U.S.C. ' 1981, a jury found for Fredric Kendrick against Broadcast Media Group, LLC (ABMG@) on his claims that BMG terminated his employment on account of his race and retaliated against him for engaging in protected activity, i.e., for complaining about BMG=s racially discriminatory employment practices, and awarded him $100,000 in compensatory damages, $30,000 in punitive damages, and $16,071 in back pay.[1] The court thereafter entered a final judgment in accordance with the jury=s verdict.[2] BMG now appeals.

BMG raises three issues in its brief: (1) whether the court erred in denying its pretrial motion for summary judgment on Kendrick=s discriminatory-termination claim; (2) whether the court Aabused its discretion by concluding that on [Kendrick=s] retaliation claim there was sufficient evidence to establish pretext as to [BMG=s] legitimate non-discriminatory reason for terminating [Kendrick]; and (3) whether [Kendrick] failed to present sufficient evidence of race discrimination to permit submission of the case to the jury.

---

[1] The parties stipulated to the amount of back pay Kendrick should receive if the jury returned a verdict in his favor. The jury also gave Kendrick $48,000 in front pay, but mitigation in the sum of $49,229 canceled that recovery.

[2] The parties tried the case to a magistrate judge by consent.

The first two issues address whether the court erred in denying BMG=s motion for summary judgment. The problem BMG faces seeking appellate review of these issues is that our precedent holds that Aafter a full trial and judgment on the merits, [we] will not review the pretrial denial of a motion for summary judgment.@ Akouri v. State of Florida Dept. Of Transp., 408 F.3d 1338, 1347 (11th Cir. 2005) (citation omitted). In short, this precedent precludes our review of the court=s summary judgment ruling. We turn, then, to BMG=s argument that the court erred in submitting the case to the jury, i.e., the claims that formed the bases for Kendrick=s recovery.[3]

BMG moved the court for judgment as a matter of law at the close of the plaintiff=s case. The court did not rule on the motion, and BMG proceeded to put on its own case. After it rested, BMG did not move for judgment as a matter of law at the close of all the evidence.[4] In other words, it stood silent as the court submitted the case to the jury under instructions that are not challenged here. As Wright and Miller explain, A[i]t is thoroughly established that the sufficiency of the evidence is not reviewable on appeal unless a motion for judgment as a matter of

_____

[3] In the section of its brief with the heading AStandard or scope of review,@ BMG only cites the standard for reviewing summary judgments; the section is silent as to the standard we use in determining the sufficiency of the evidence (at the close of all the evidence) to withstand a motion for judgment as a matter of law.

[4] After the jury returned its verdict, BMG moved the court for a new trial Abased on Juror Misconduct.@ The court denied the motion. BMG does not challenge the ruling in this appeal.

law was made in the trial court.  Indeed a motion at the close of the plaintiff=s case will not do unless it is renewed at the close of all the evidence.@ Wright and Miller, <u>Federal Practice and Procedure</u>, ' 2536.

In sum, the law precludes us from reviewing the court=s denial of BMG=s motion for summary judgment and the sufficiency of the evidence to warrant submission of the case to the jury.[5] The court=s judgment is therefore due to be affirmed.

**AFFIRMED.**

4

---

[5] BMG=s brief contains no argument to the effect that allowing the judgment to stand would result in manifest injustice.  Assuming that the rules of appellate review permit us to scan the trial transcript to determine whether manifest injustice occurred here, we find nothing that would warrant setting aside the court=s judgment.