[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14845
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:00-cv-02437-ECS

DONALD E. GRYDER,

Plaintiff-Appellant,

versus

L. FRED DENNIN, III,
FRA Regional Director Atlanta, et al.,

Defendants,

SECRETARY, DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 31, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

This is a Title VII case. *See* 42 U.S.C. § 2000e *et seq*. Appellant is a former employee of the Federal Railroad Administration ("FRA"), an agency of the Department of Transportation. In 2003, a jury, in an advisory verdict, awarded him $250,000 for lost wages and benefits on his claim that, in 1997, the FRA retaliated against him, in violation of Title VII, by terminating his employment as a Motive Power & Equipment Inspector for filing complaints with the Equal Employment Opportunity Commission. The district court subsequently found that the FRA would have discharged appellant in the absence of any retaliatory bias and declined to award equitable relief. Appellant appealed, and a panel of this court vacated the decision and remanded the case for the award of equitable relief. *Cryder v. Norman Y. Mineta*, 143 Fed.Appx. 297 (11th Cir. 2005)(Table).

On remand, the district court, in a judgment entered on September 15, 2010, ordered the Secretary to reinstate appellant to his previous position or an equivalent position and awarded appellant back pay in the sum of $923,656. Appellant now appeals the district court's judgment, arguing that the court abused its discretion by "re-examining the jury verdict," failing to properly calculate his claim for back pay, reducing the award by $20,000.00 per year based on his obtaining part-time work after his termination, and failing to address his claims for

2

overtime, annual bonuses, annual leave, sick leave, contributions to the defendant's Thrift Savings Plan ("TSP"), and a "gross up" for the tax consequences of receiving a lump sum payment. He also argues that the court failed to give full relief by reinstating him to his previous position instead of ordering that he be promoted to a "senior level[] position." We find no merit in his appeal and therefore affirm.

"The purpose of Title VII relief is to 'make whole' victims of unlawful discrimination." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1363 (11th Cir. 1994) (quotation omitted). The statute vests "broad equitable discretion" in a federal court to fashion the "most complete relief possible." *Id.* "Appropriately, we review the award of damages in a Title VII case for an abuse of discretion." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010).

Title VII provides broadly that:

If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may . . . order such affirmative action as may

3

be appropriate, which may include, . . . reinstatement or hiring of employees, with or without back pay . . ., or any other equitable relief as the court deems appropriate. . . .  Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

42 U.S.C. § 2000e-5(g)(1).

"Successful Title VII claimants . . . are presumptively entitled to back pay." *Latham v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Nevertheless, backpay is not "an automatic or mandatory remedy; like all other remedies under the Act, it is one which the courts 'may' invoke." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16, 95 S.Ct. 2362, 2370-71, 45 L.Ed. 2d 280 (1975).  "Back pay is the difference between the actual wages earned and the wages the individual would have earned in the position that, but for the discrimination, the individual would have attained." *Akouri v. Florida Dep't of Transp.*, 408 F.3d 1338, 1343 (11th Cir. 2005) (quotation omitted).  "Unrealistic exactitude is not required as the back-pay calculation may be based on just and reasonable inference of the missing or imprecise figure." *Id.* (quotation omitted). However, the plaintiff must present some evidence from which the finder of fact can begin a reasonable calculation of a back-pay award.  *Id.* at 1344 (holding that a successful Title VII plaintiff was entitled only to nominal damages due to his

4

failure to provide "any evidence whatsoever of his actual earnings while employed").

Additionally, "Title VII requires plaintiffs to mitigate their damages through reasonably diligent efforts to seek employment that is substantially equivalent." *Latham*, 172 F.3d at 794. "[T]he burden of proving lack of diligence is on the employer." *EEOC v. Massey Yardley Chrysler Plymouth*, 117 F.3d 1244, 1251-52 (11th Cir. 1997) (in the ADEA context). "If the claimant decides to go into a dissimilar line of work, or to accept a demotion, his earnings must be deducted from any eventual backpay award." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 n.16, 102 S.Ct. 3057, 3066 n.16, 73 L.Ed.2d 721 (1982).

"In addition to back pay, prevailing Title VII plaintiffs are presumptively entitled to either reinstatement or front pay." *EEOC v. W&O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000). Although we presume that reinstatement is the appropriate remedy in a wrongful discharge case, the district court may award front pay in lieu of reinstatement if "extenuating circumstances warrant such relief." *Id.*

The district court did not abuse its considerable discretion by awarding appellant $923,656.08 in back pay and deducting $20,000.00 per year in mitigation for what he could have earned by working part time after his termination. Although he challenges the denial of TSP contributions, annual

leave, the "gross up" for tax consequences, overtime, performance bonuses, and sick leave, he presented only his own speculative testimony and calculations to support this relief. Furthermore, the district court reasonably found that he could have continued working at the part-time jobs he obtained in 1999 and 2000, and the court reasonably reduced his back-pay award by the amount he could have earned in alternative employment after his termination. *See Ford Motor Co.*, 458 U.S. at 235-37, 102 S.Ct. at 3067-68 (requiring an award of back pay past the time the victim has found other employment would place the claimant in a better position than they were in before the discrimination occurred). Finally, because appellant failed to present any evidence that he was likely to have been promoted, the court did not abuse its discretion by ordering the Secretary to reinstate him to the same position he occupied prior to his termination.

AFFIRMED.