[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13563
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-00031-RH-CAS

VALERIE DAVIS,

Plaintiff-Appellee,

versus

FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 18, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

The Florida Agency for Health Care Administration ("FAHCA") appeals from the district court's denial of its renewed motion for judgment as a matter of law, motion for new trial, and motion for remittitur, in a suit raised by Valerie

Davis, an African-American, pursuant to Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act ("FCRA"). On appeal, it argues that: (1) the district court erred by denying its motion for judgment as a matter of law because Davis failed to present evidence that she suffered a materially adverse action or evidence that her discrimination grievance was the but-for cause of any adverse action taken against her; (2) the district court abused its discretion by denying its motion for a new trial because Davis presented a retaliatory hostile work environment theory during closing arguments but did not request a jury instruction for that claim; and (3) the court clearly abused its discretion by denying its motion for a new trial or remittitur because the jury's award of compensatory damages for Davis's mental and emotional anguish was not supported by the evidence. After thorough review, we affirm.

We review the denial of a motion for judgment as a matter of law de novo. Howard v. Walgreen Co., 605 F.3d 1239, 1242 (11th Cir. 2010). We consider the evidence in the light most favorable to the nonmoving party. Id. We do not make credibility determinations or weigh the evidence. Hubbard v. BankAtlantic Bancorp, Inc., 688 F.3d 713, 724 (11th Cir. 2012). We consider evidence supporting the nonmovant's case, as well as uncontradicted and unimpeached evidence supporting the movant that comes from disinterested witnesses. Id. We apply decisions construing Title VII when considering a claim under the FCRA,

2

and thus, do not address Davis's FCRA retaliation claim separately.  Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

We review the denial of a motion for a new trial for abuse of discretion. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1196 (11th Cir. 2004). We review a jury instruction deferentially, and will only grant a new trial for an erroneous instruction if the instructions did not accurately reflect the law and we are "left with a substantial and ineradicable doubt as to whether the jury was properly guided." Id. (quotation omitted).  However, an appellant waives its right to challenge an improper jury instruction on appeal if it did not timely object to the instruction before the district court, unless the error affected its substantial rights. Badger v. S. Farm Bureau Life Ins. Co., 612 F.3d 1334, 1342 (11th Cir. 2010).

We review an allegedly improper statement during closing argument for plain error when the appellant makes no objection to the argument before the district court.  Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1179 (11th Cir. 2002).  To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  "A finding of plain error is seldom justified in reviewing argument of counsel in a civil case." Brough,

3

297 F.3d at 1179 (quotation omitted).  Finally, we review a district court's decision to sustain a jury's award of compensatory damages for clear abuse of discretion. Bogle v. McClure, 332 F.3d 1347, 1359 (11th Cir. 2003).  We defer to the fact finder's award of damages for intangible, emotional harm because the evaluation of these harms depends heavily on the consideration of witnesses' demeanors.  Id. A damage award is presumptively valid if a district court has reviewed and upheld the award.  Ferrill v. Parker Group, Inc., 168 F.3d 468, 476 (11th Cir. 1999).

First, we are unpersuaded by FAHCA's claim that the district court erred by denying its motion for judgment as a matter of law concerning Davis's discrimination claim.  A judgment as a matter of law is granted to a defendant when the plaintiff fails to present a sufficient evidentiary basis for a reasonable jury to find in her favor on a material element of her claim.  Howard, 605 F.3d at 1242.  When a substantial conflict in the evidence exists, and reasonable people may reach different conclusions, the motion for judgment as a matter of law must be denied.  Gowski v. Peake, 682 F.3d 1299, 1311 (11th Cir. 2012).

To raise a successful retaliation claim under Title VII, a plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal connection existed between the protected activity and the adverse action.  Howard, 605 F.3d at 1244.  After the plaintiff establishes these elements, the defendant must articulate a legitimate, nonretaliatory reason for

4

the challenged action.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1277 (11th Cir. 2008).  If the defendant provides a nonretaliatory reason, then the plaintiff must show that the defendant's reason is a pretext for retaliation.  Id.

In retaliation cases, a materially adverse action is any action that may dissuade a reasonable worker from making or supporting a discrimination charge.  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  In Burlington, the Supreme Court noted that the significance of a retaliatory act depends on the context of the act, and a specific action may be materially adverse in some situations but immaterial in others.  Id. at 69.  We've said that "Burlington also strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered materially adverse to him."  Crawford v. Carroll, 529 F.3d 961, 973 n.13 (11th Cir. 2008) (quotation omitted).  We've held that an employee suffers a materially adverse action when she receives an unfavorable performance review that affects her eligibility for a pay raise.  Id. at 974.  We've also noted that a set of actions may constitute an adverse employment action when considered collectively, even if some actions do not rise to the level of an adverse employment action individually.  Shannon v. Bellsouth Telecomm., Inc., 292 F.3d 712, 716 (11th Cir. 2002).

To show a causal connection, the plaintiff must show that the decisionmaker was aware of her protected conduct, and that the protected activity and adverse

5

action were not wholly unrelated.  Kidd v. Mando Am. Corp., 731 F.3d 1196, 1211 (11th Cir. 2013).  In the absence of other evidence demonstrating causation, a three-month interval between the protected activity and the adverse action is too long to show causation through temporal proximity.  Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1182 (11th Cir. 2010).  A plaintiff in a Title VII retaliation case must also show that retaliatory animus was the but-for cause of the challenged adverse action.  Booth v. Pasco Cnty., 757 F.3d 1198, 1207 (11th Cir. 2014).  We have noted that a jury may infer that a defendant's action was retaliatory if it is permitted to disbelieve the defendant's explanation for the action.  Id.

In this case, Davis presented sufficient evidence for a reasonable jury to conclude that she suffered retaliation.  As the record reveals, Davis demonstrated first that she had engaged in statutorily protected activity with evidence of the grievance she filed with FAHCA's human resources department.  Second, she showed that she had suffered a materially adverse action with evidence of the unsatisfactory performance evaluation Suzanne Hurley gave her that constituted the first step to Davis being fired from FAHCA.  As for establishing a causal connection, she demonstrated that the evaluation was not wholly unrelated to her grievance because Hurley raised complaints about Davis's poor grammar, insubordination, and lack of communication in the evaluation that only began after she learned about Davis's grievance.  She also presented enough evidence for a

6

jury to reasonably conclude that her grievance was the but-for cause of the retaliatory action, since Davis testified that Hurley got along well with her until she was interviewed about the discrimination grievance. Furthermore, the jury could have reasonably inferred retaliatory animus because Davis presented sufficient evidence for the jury to disbelieve FAHCA's explanations for Hurley's actions towards Davis. Therefore, the district court did not err by denying FAHCA's renewed motion for judgment as a matter of law for Davis's retaliation claim.

We are also unconvinced by FAHCA's argument that the district court abused its discretion by denying the motion for a new trial concerning Davis's retaliatory hostile work environment claim. For starters, FAHCA waived its right to challenge the omission of a retaliatory hostile work environment instruction because it did not object to the court's exclusion of that instruction. Badger, 612 F.3d at 1342. Moreover, since Davis did not prevail on a retaliatory hostile work environment claim at trial, FAHCA has not shown that the exclusion of this theory of liability from the jury instructions affected its substantial rights. Nor did the court commit any error, plain or otherwise, by permitting Davis to state during her closing argument that a hostile environment was part of the retaliatory conduct. As the record shows, Davis did not argue a retaliatory hostile work environment theory during her closing argument; instead, she said only that this environment was part of the materially adverse action taken against her by FAHCA for purposes

7

of her retaliation claim. She accurately informed the jury that they had to find a materially adverse action taken against her because of her grievance in order to conclude that she suffered from retaliation, and explained that a set of actions may constitute a materially adverse action when considered in the aggregate, even if individual actions do not rise to a materially adverse action. Shannon, 292 F.3d at 716. As for FAHCA's argument that it should have been granted judgment as a matter of law because Davis improperly argued for a retaliatory hostile work environment, it is meritless. As we've already held, the district court correctly concluded that the jury had sufficient evidence to reasonably conclude that FAHCA was liable for retaliation. Therefore, the district court did not abuse its discretion by denying FAHCA's motion for a new trial.

Finally, we reject FAHCA's claim that the court clearly abused its discretion by denying its motion for a new trial or remittitur because the jury's award of compensatory damages for Davis's mental and emotional anguish was not supported by the evidence. General compensatory damages do not have to be proven with a high degree of specificity, and they may be inferred from the circumstances or proven through testimony. Akouri v. Fla. Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005). A plaintiff's own testimony may support an award of compensatory damages for emotional distress, but the testimony must consist of more than conclusory statements that the plaintiff suffered from

emotional distress.  Id.  Thus, we've previously affirmed a denial of remittitur for a damages award of $300,000 based on the plaintiff's mental anguish when the plaintiff testified that he became physically ill due to the discrimination against him, he lost 40 pounds in five months, he lost self-esteem, he felt degraded when having to train someone for the position he wanted, and he heard jokes about the denial of his promotion.  Ash v. Tyson Foods, Inc., 664 F.3d 883, 899-900 (11th Cir. 2011).  In Ash, the plaintiff's wife also testified that the plaintiff withdrew from relationships with his family following the denied promotion, his relationships deteriorated, and he lost a lot of weight.  Id. at 900.

At trial, Davis presented sufficient evidence of mental and emotional anguish to support the jury's award of compensatory damages.  As in Ash, Davis testified that she suffered from weight fluctuations and stopped going to events with friends due to the stress caused by Hurley's actions.  She was embarrassed when Hurley wore a mask after she left Hurley's office due to Hurley's claim that she wore a noxious perfume, and this lowered her self-esteem.  She added that she lost friends at work and that co-workers were afraid to talk to her.  Since Davis presented detailed evidence of her emotional harm, and since the jury's award is presumptively valid, the district court did not clearly abuse its discretion by denying FAHCA's motion concerning the jury's award of compensatory damages.

**AFFIRMED**.

9