[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15003
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00378-MCR-CJK

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff - Appellant,

versus

WEST CUSTOMER MANAGEMENT GROUP, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 31, 2017)

Before TJOFLAT, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

The Equal Employment Opportunity Commission (EEOC) filed a complaint against West Customer Management Group (West) alleging that West denied Derrick Roberts employment based on his accent and national origin. A jury found in favor of West, and the district court awarded West attorney's fees and costs. The EEOC appeals the district court's award of attorney's fees and costs. After careful consideration of the record and the parties' briefs, we reverse.

I

Roberts emigrated from Jamaica to the United States in 1989.[1] In 2008, he began an accounting operations program, which provided him training in, among other things, computer skills. Roberts regularly interacted with classmates and a teacher in the program, and despite Roberts's Jamaican accent, none of those individuals had difficulty understanding him. While in the program, Roberts applied for a customer service position with West. He submitted a resume, responded to a questionnaire related to his customer service experience, and completed a "knowledge, skills, and abilities" assessment. Roberts passed the "knowledge, skills, and abilities" assessment, and West invited him to interview for the customer service position.

---

[1] When reviewing a district court's award of attorney's fees and costs to a prevailing defendant in a federal civil rights case, we take the evidence in the light most favorable to the plaintiff. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005). Accordingly, we have construed the facts in the light most favorable to the EEOC.

At the interview, Roberts took and passed a data-entry test. He then met with Employment Specialist Steven Henry and Henry's supervisor, Adriana Fowler. During Roberts's meetings with Henry and Fowler, neither Henry nor Fowler indicated that Roberts's speech was difficult to understand. Indeed, Fowler later noted that she understood Roberts.

Henry concluded the interview by rejecting Roberts's application for employment. When an applicant is denied a position at West, the applicant is usually informed that he can reapply after six months. Henry did not afford Roberts this courtesy. Henry simply explained to Roberts that his computer skills were inadequate and that his "thick accent" would cause problems with customers. Henry also wrote "heavy accent" on his interview notes for Roberts. Henry and West later amended the rationale for rejecting Roberts's application, asserting that Roberts was also denied employment because his response to one of Henry's customer-service-related interview questions was problematic.

The EEOC filed a complaint alleging that West discriminated against Roberts under Title VII of the Civil Rights Act. The EEOC claimed that West denied Roberts employment based on his accent and national origin. *See Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1347–48 (11th Cir. 2005) (indicating that an employer's statement about a Lebanese employee's accent was evidence of national-origin discrimination). West moved for summary judgment, but the

3

district court denied the motion. The court found that comparator evidence supported the EEOC's claim and that, even setting aside such evidence, "the circumstantial evidence as a whole raises a reasonable inference" that West acted with "discriminatory intent." The parties proceeded to a jury trial.

At trial, the EEOC argued that West denied Roberts employment based on his accent; an applicant's accent can be considered only to the extent that it affects the applicant's ability to communicate; and because Roberts's accent does not interfere with his ability to communicate, West's accent-based decision was necessarily discriminatory. In support thereof, the EEOC introduced evidence of Henry's "thick accent" comment and Henry's "heavy accent" note. The EEOC also offered evidence from Roberts, his classmates, and a teacher that Roberts's accent does not affect his ability to communicate. Finally, to further corroborate its claim of discriminatory animus, the EEOC noted West's changing rationales for rejecting Roberts's application and introduced evidence that Henry deviated from West procedure by not informing Roberts that he could reapply with West. However, the EEOC did not offer any of the comparator evidence that it presented at summary judgment.

After the EEOC's case, West requested judgment as a matter of law. The district court declined to rule on the request, opting to "send the case to the jury."

The jury found in favor of West, and thereafter, the district court awarded West attorney's fees and costs.

## II

We review for abuse of discretion a district court's award of attorney's fees and costs to a prevailing Title VII defendant. *See Walker v. NationsBank*, 53 F.3d 1548, 1559 (11th Cir. 1995). "It is within the discretion of a district court to award attorney's fees to a prevailing defendant in a Title VII action upon a finding that the action was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Id.* at 1558 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)) (reversing fee award to prevailing defendant). This standard is "stringent." *Id.* It is not enough for the prevailing defendant to show that the plaintiff's case was "markedly weak," *see Bonner v. Mobile Energy Servs.*, 246 F.3d 1303, 1305 (11th Cir. 2001) (per curiam) (reversing fee award to prevailing defendant), or even "exceedingly weak," *see Cordoba*, 419 F.3d at 1181 (reversing fee award to prevailing defendant). The plaintiff's case must be "so patently devoid of merit as to be 'frivolous.'" *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (reversing fee award to prevailing defendant). A case does not meet this rigid standard when it is "meritorious enough to receive careful attention and review." *Walker*, 53 F.3d at 1559 (citing *Busby v. City of Orlando*, 931 F.2d 764,

5

787 (11th Cir. 1991) (per curiam) (reversing fee award to prevailing defendant));

*see also Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. Unit A Sep.

1981) ("[T]he careful consideration given to the case by the district court is some

indication that the suit was not frivolous.") (reversing fee award to prevailing

defendant).[2]

Here, the district court abused its discretion in awarding West attorney's fees

and costs.  The EEOC's case was not "so patently devoid of merit" as to justify an

attorney's fee award—the case "merited careful review."  *See Walker*, 53 F.3d at

1559 (internal quotation marks omitted).  First, the district court denied West's

motion for summary judgment, illustrating that the EEOC offered sufficient

evidence to create a triable issue of discrimination.  *See Sullivan*, 773 F.2d at 1189

("Cases where findings of 'frivolity' have been sustained typically have been

decided in the defendant's favor on a motion for summary judgment . . . .  In cases

where the plaintiffs introduced evidence sufficient to support their claims, findings

of frivolity typically do not stand." (citations omitted)).  Second, the district court

held "a full-blown trial on the merits."  *See id.*; *Jones*, 656 F.2d at 1146.  Finally,

although the EEOC's case at trial may have been weak, it was not frivolous.  *See*

*Cordoba*, 419 F.3d at 1181.  The EEOC offered evidence that (1) Henry did not

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

want to hire Roberts because of Roberts's accent, (2) Roberts's accent does not interfere with his ability to communicate, (3) Henry treated Roberts differently than other applicants by refusing to inform Roberts that he could reapply with West, and (4) West, over time, revised its rationale for rejecting Roberts's application.  Taken together, this evidence provides support—albeit weak support—for a finding that West denied Roberts employment based on his accent and national origin.  *See Akouri*, 408 F.3d at 1347–48.

Because the EEOC's case was not "patently devoid of merit," we must reverse the district court's award of attorney's fees and costs to West.[3]  *See Walker*, 53 F.3d at 1559 (internal quotation marks omitted).

**REVERSED AND REMANDED.**

---

[3] In addition to the EEOC's threshold challenge to the award of attorney's fees and costs, the EEOC argues that the amount of fees and costs awarded by the district court is unreasonable. In light of our reversal of the award, we need not address that argument.