# Third District Court of Appeal

## State of Florida

Opinion filed December 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2790
Lower Tribunal No. 15-12643
_____


**Delroy Jackson,**
Appellant,

vs.

**Kleen 1, LLC,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Remer & Georges-Pierre, Jason S. Remer and Tyler A. Stull, for appellant.

Michael A. Pancier (Pembroke Pines), for appellee.


Before ROTHENBERG, C.J., and LAGOA and EMAS, JJ.

EMAS, J.

Delroy Jackson, the plaintiff below, appeals the final judgment rendered in accordance with the motion for directed verdict filed by his former employer, Kleen 1, LLC, the defendant below. For the reasons that follow, we affirm in part and reverse in part.

## BACKGROUND AND PROCEDURAL HISTORY

Jackson was employed by Kleen 1 for less than one week. A few days into his employment, Jackson alleges that his supervisor made several discriminatory racial comments toward him,[1] and when Jackson later reported this behavior to Kleen 1's vice president, he was fired. Jackson also contends that while working for Kleen 1, he was given a disproportionate amount of duties compared to other non-black or non-Jamaican employees.

Jackson filed a lawsuit against Kleen 1, alleging three separate violations of Florida's Civil Rights Act:[2] racial discrimination (Count I); national origin discrimination (Count II); and retaliatory discharge (Count III). All three claims were tried before a jury. Jackson sought damages for lost wages and for emotional pain and mental anguish.

At trial, Jackson testified that when his supervisor made the discriminatory racial comments toward him he felt "very bad" and "angry, mad." Jackson

[1] In his complaint, Jackson describes himself as "a black male of Jamaican origin."
[2] Chapter 760, §760.01 et seq., Florida Statutes (2016).

2

introduced no evidence or testimony as to how he felt after Kleen 1 terminated him some three days after the discriminatory racial comments were made.

At the close of Jackson's case, Kleen 1 moved for a directed verdict, asserting Jackson had failed to present sufficient evidence to establish a prima facie case. The court reserved ruling on the motion. Thereafter, the jury returned a verdict, finding in favor of Kleen 1 on the racial and national origin discrimination claims (Counts I and II), but found in favor of Jackson on his retaliatory discharge claim (Count III). The jury awarded no damages to Jackson for lost wages, but awarded him $8,500 for emotional pain and mental anguish.

Kleen 1 renewed its motion for directed verdict as to the retaliatory discharge claim, asserting Jackson's testimony was untrustworthy and uncorroborated. Further, Kleen 1 contended there was no evidence to support an award of $8,500 for emotional pain or mental anguish, especially given that the sole evidence was Jackson's testimony that he "felt bad" when the discriminatory racial comments were made.

After a hearing, the trial court agreed that the jury found a retaliatory purpose behind Jackson's termination, but determined there was insufficient evidence to support the damages award for emotional pain and mental anguish. Jackson's counsel agreed that there was not an "abundance" of evidence, but that his client did testify that he felt bad, and argued this was sufficient to support the

$8,500 award. Nonetheless, the trial court granted Kleen 1's motion to enter judgment in accordance with its prior motion for directed verdict, and entered final judgment in favor of Kleen 1. This appeal followed.

**DISCUSSION AND ANALYSIS**

On appeal, Jackson contends that the trial court erred in two respects: (1) by directing a verdict on the retaliatory discharge claim where there was evidence to support the jury's determination in favor of Jackson on that claim; and (2) by finding that there was insufficient evidence to support an award of damages for emotional pain and mental anguish.

Upon our *de novo* review, Frieri v. Capital Investment Services, Inc., 194 So. 3d 451, 455 (Fla. 2016), we agree with Jackson that the trial court erred in directing a verdict on the retaliatory discharge claim, and reverse those portions of the order and final judgment granting directed verdict.

Section 760.10(7), Florida Statutes (2016) provides:

> It is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

In order to establish a prima facie claim of retaliatory discharge, a plaintiff "must demonstrate the following elements: (1) a statutorily protected expression;

4

(2) an adverse employment action; and (3) a causal connection between the participation in the protected expression and the adverse action." Russell v. KSL Hotel Corp., 887 So. 2d 372, 379 (Fla. 3d DCA 2004).[3] Viewing the evidence in a light most favorable to Jackson, as we must, id., we conclude that there was sufficient evidence to support the jury's finding that Jackson proved his retaliatory discharge claim.

However, we hold that the trial court properly determined there was insufficient evidence to support the jury's damages award of $8,500, and conclude that the evidence was insufficient to support any award of damages for emotional pain or mental anguish.

"Any award for emotional injury greater than nominal damages must be supported by evidence of the character and severity of the injury to the plaintiff's emotional well-being." Salinas v. O'Neill, 286 F.3d 827, 830 (5th Cir. 2002). A "failure to establish 'actual injury' with sufficient evidence will result in the award of only nominal damages." Brady v. Fort Bend Cty., 145 F.3d 691, 718 (5th Cir. 1998) (also noting that "'hurt feelings, anger and frustration are a part of life,' and

---

[3] The elements for an employment retaliation claim under Florida law is the same as those for claims brought under federal law. Juback v. Michaels Stores, Inc., 143 F. Supp. 3d 1195 (M.D. Fla. 2015). Thus, "decisions construing Title VII are applicable when considering claims of discrimination under the Florida Civil Rights Act." Jiles v. United Parcel Service, Inc., 360 Fed. Appx. 61, 63 (11th Cir. 2010) (quoting Harper v. Blockbuster Entm't Corp., 139 F. 3d 1385, 1387 (11th Cir. 1998)).

[are] not the types of harm that could support a mental anguish award." (quoting Patterson v. P.H.P. Healthcare Corp., 90 F. 3d 927, 940 (5th Cir. 1996))). See also, Akouri v. State of Fla., Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005) (reiterating that "although a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation, 'the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award for compensatory damages'") (quoting Price v. City of Charlotte, 93 F.3d 1241, 1254 (4th Cir. 1996)).

Further, and independently, the sole testimony at trial on this issue—that Jackson felt "very bad," "angry," and "mad"—related only to the discriminatory comments (i.e., Counts I and II, for which the jury found in favor of Kleen 1). Jackson offered no evidence in support of any emotional damages he allegedly suffered as a result of the retaliatory discharge.[4]

**CONCLUSION**

Accordingly, we reverse in part the trial court's order granting motion for directed verdict, and final judgment entered thereon, with directions to enter an amended final judgment in accordance with the jury's verdict on Count III— that

---

[4] Although Jackson did assert that he lost wages as a result of the retaliatory discharge, the jury awarded no damages to Jackson in that regard.

6

Jackson proved that he engaged in protected activity and that Kleen 1 terminated Jackson's employment because of his protected activity. We affirm the trial court's order granting motion for directed verdict, and final judgment, insofar as it determined that the evidence at trial failed to support the jury's award of damages.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for the trial court to enter an amended order granting in part and denying in part the motion for directed verdict and to render an amended final judgment consistent with that amended order and with this opinion.