[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15784
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-14056-RLR

GEORGE FRIEDEL,

Plaintiff-Appellant,

versus

PARK PLACE COMMUNITY LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 29, 2018)

Before WILSON, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

George Friedel appeals the judgment against his complaint that Park Place Community LLC, discriminated against him by banishing his emotional support dog from its mobile home park, in violation of the Fair Housing Act. 42 U.S.C. § 3604(f). A jury found that Park Place was excluded from having to make a dwelling available to Friedel because his dog's aggressive behavior posed a direct threat to the health and safety of other residents and their property. *See id.* § 3604(f)(9). Friedel challenges the exclusion of his evidence that his dog underwent behavioral training after he sued Park Place. Friedel also challenges the denial of his motions for partial summary judgment, to amend his complaint, to strike the affirmative defenses of Park Place, and for a new trial. We affirm.

## I. BACKGROUND

On February 15, 2017, Park Place sent Friedel a statutory notice to cure that required him to remove his dog from the community or face eviction. Park Place based its decision on its community rules and a Florida law, Fla. Stat. Ann. § 723.023(3) (2015), that mandated that a lessee comply with the rules and regulations of a mobile home park. Section 8.B of the community rules gave "Management . . . sole and unfettered discretion . . . [to] remove[] from the premises . . . [a]ny animal that displays dangerous or aggressive behavior," and section 11 of the rules required "residents . . . [t]o ensure that their pets behave in such a manner as not to annoy, disturb or interfere [with] other occupants of the

2

Community." The notice stated that Friedel violated "these Rules and §723.023(3) because despite the fact that the Community previously required that [he] remove [his] pet dog from the premises because of aggressive behavior, [his] pet dog is living at the premises again." The notice also stated that Friedel's "dog [had] been observed on numerous occasions growling and lunging at other residents in the Community" and that Park Place had received "complaints that . . . [Friedel] threatened other residents in the Community if they report[ed] [his] dog's behavior."

On February 19, 2017, Friedel sued Park Place for violating the Fair Housing Act by "mak[ing] unavailable or deny[ing], a dwelling to . . . [him] because of [his] handicap." 42 U.S.C. § 3604(f)(1)(A). Park Place answered and raised as one of its seven affirmative defenses that Friedel's dog "represent[ed] a threat to other residents and their animals." Park Place alleged that it "received written and verbal complaints from no fewer than 5 different residents regarding [Friedel's] dog" and that it had "routinely attacked other dogs at the park," which revealed Friedel's "inability to control the animal[] and a disregard for the safety of other residents." Later, Friedel's dog underwent behavioral training.

Before trial, the district court issued three rulings adverse to Friedel. The district court denied Friedel's motion to strike the affirmative defenses raised by Park Place. The district court granted the motion in limine of Park Place to exclude

3

evidence of the dog's remedial training and ruled the evidence was "irrelevant to the question of whether [Park Place was] liable for refusing to make an accommodation in connection with [its] Statutory Notice to Cure, prior to the initiation of this lawsuit." The district court also denied Friedel's motion for partial summary judgment.

After the jury found in favor of Park Place, Friedel moved for a new trial. Friedel challenged the decisions to exclude the evidence of his dog's remedial training and to deny his motion to amend his complaint. The district court denied Friedel's post-trial motion.

## II. STANDARD OF REVIEW

One standard of review governs this appeal. We review for abuse of discretion a ruling on a motion in limine. *United States v. Kendrick*, 682 F.3d 974, 981 (11th Cir. 2012). We also review for abuse of discretion the denial of motions to amend the complaint, *Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 947 (11th Cir.), *cert. denied*, 138 S. Ct. 449 (2017), for a new trial, *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 951 (11th Cir. 2018), and to strike a pleading, *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

## III. DISCUSSION

Friedel challenges the judgment in favor of Park Place on four grounds. First, Friedel argues that he was entitled to introduce evidence about his dog's

remedial training to prove he mitigated any risk his dog posed to the community and that the exclusion of his evidence warrants a new trial. Second, Friedel argues that he was entitled to summary judgment on issues of liability because Park Place failed to reassess his dog's dangerousness after it underwent remedial training and failed to inquire whether he had a disability-related need that required accommodation. Third, Friedel argues that the district court erroneously refused to grant him leave to file an amended complaint and that error warrants a new trial. Fourth, Friedel argues that the district court should have struck the six affirmative defenses that Park Place dismissed before trial. These arguments fail. We address each in turn.

The district court did not abuse its discretion by excluding evidence that Friedel gave his dog remedial training after suing Park Place for issuing the notice to cure. Friedel argued that his evidence refuted the affirmative defense of Park Place that his dog "constitute[d] a direct threat" to other lessees and their property. *See* 42 U.S.C. § 3604(f)(9). In its defense, Park Place had to prove that it made a "reasonable judgment" to banish the dog after "mak[ing] an individualized assessment . . . that relie[d] . . .  on the best available objective evidence to ascertain: the nature, duration, and severity of the risk" the dog created; "the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures will mitigate the risk." 24 C.F.R.

§ 9.131(c). Because Park Place sent the notice to Friedel before his dog underwent remedial behavioral training, the training did not constitute "objective evidence" that was "available" to Park Place when it made its allegedly discriminatory housing decision. *See id.* The evidence of the dog's training had no relation to whether an earlier judgment by Park Place that the dog constituted a direct threat was reasonable. *See* Fed. R. Evid. 401. Friedel's evidence about his dog's remedial training was irrelevant, and the district court did not abuse its discretion by excluding it or by denying his related request for a new trial.

We cannot entertain Friedel's challenge to the denial of his motion for partial summary judgment. "Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-judgment motion." *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011); *see Akouri v. Fla. Dep't. of Transp.*, 408 F.3d 1338, 1347 (11th Cir. 2005). The decision to deny Friedel's pretrial motion is not subject to appellate review.

The district court did not abuse its discretion when it denied Friedel's amended motion for leave to amend his complaint to add a claim for failure to accommodate. Friedel sought to amend his complaint more than four months after the deadline to amend pleadings, almost three months after the close of discovery, and more than one month after the extended deadline to file dispositive motions. *See Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). The district court

reasonably determined that Friedel could not amend based on a January 2017 letter from a doctor and older medical records that reflected he suffered from depression and based on a January 2017 letter in which a sitter stated that Friedel's dog was "social and engaged with the other dogs" because Friedel possessed all that evidence when he filed his complaint. *See id.* The district court also reasonably determined that Friedel acted in bad faith in seeking to amend based on the evidence of his dog's remedial training. *See id.* Friedel was not entitled to add a new claim based on facts that did not exist when he filed his complaint and based on actions he undertook to fix defects in his case.

We also cannot say that the district court abused its discretion by denying Friedel's motion to strike the six affirmative defenses that Park Place dismissed before trial. To constitute an abuse of discretion, a ruling must "rest[] on a clearly erroneous fact-finding, an errant conclusion of law, or an improper application of law to fact." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1291 (11th Cir. 2014) (internal quotation marks and citation omitted). Friedel argues that his motion was denied "minutes after [it] was filed," but he identifies no error in the ruling.

## IV. CONCLUSION

We **AFFIRM** the judgment for Park Place.