[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13158

_____

SHAWNETTA COLLINS,

Plaintiff-Appellant,

*versus*

KOCH FOODS, INC.,
KOCH FOODS OF ALABAMA, LLC,

Defendants-Appellees,

ROBERT (BOBBY) ELROD,
MELISSA MCDICKINSON,
DAVID BIRCHFIELD,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:18-cv-00211-ACA

_____

Before NEWSOM, TJOFLAT, and HULL, Circuit Judges.

PER CURIAM:

After being denied promotion and later being terminated, plaintiff-appellant Shawnetta Collins sued her former employer Koch Foods of Alabama, LLC and Koch Foods, Inc. (collectively referred to as "Koch Foods") and her former indirect supervisor Robert Elrod.  The district court granted summary judgment to defendants Koch Foods and Elrod on, *inter alia*, Collins's claims that her termination was *race* discrimination, in violation of 42 U.S.C. § 1981, and constituted intentional infliction of emotional distress under Alabama law.  However, the district court denied summary judgment on Collins's claims against only defendant Koch Foods that its denial of her promotion and subsequent termination were *gender* discrimination in violation of 42 U.S.C. § 2000e et seq. ("Title VII").

After a four-day trial, the jury found for Collins on her gender discrimination claim for failure to promote and for Koch

Foods on her gender termination claim. The jury awarded $262,000 in back pay on her Title VII promotion claim. Subsequently, the district court granted in part Koch Foods's motion for remittitur and reduced the jury's award to $10,853.84 in back pay on her Title VII promotion claim.

After careful review of the record and with the benefit of oral argument, we affirm the district court's entry of summary judgment in favor of Koch Foods and Elrod as to Collins's § 1981 claim of race-based discrimination and state law claim of intentional infliction of emotional distress. As to Collins's Title VII promotion claim, we vacate the district court's remittitur and remand for reinstatement of the jury's award of $262,000 in back pay against Koch Foods.

## I.    BACKGROUND FACTS

Collins was employed as the Human Resources Manager at Koch Foods's chicken processing plant in Montgomery, Alabama. At some point, Collins began living with Johnny Gill, the Plant Manager at the same plant. However, neither Gill nor Collins supervised the other.

The defendant Elrod was the corporate Director of Human Resources at Koch Foods, which included overseeing workplace policies at both the chicken processing plant and the deboning plant in Montgomery ("the Montgomery complex"). When Elrod learned that Collins and Gill were living together, he became

concerned about potential conflicts because Collins and Gill worked at the same plant.

Koch Foods's Montgomery complex had an anti-fraternization policy which provided that managers and supervisors were not permitted to engage in intimate relationships with anyone under their direct or indirect supervision. Gill and Collins were not technically in violation of the policy. Elrod transferred Collins from the processing plant to the Human Resources Manager position at the nearby deboning plant, which was part of the same complex. A week after transferring Collins, Elrod revised the anti-fraternization policy to prohibit employees who worked in the human resources department from having a romantic relationship with any other employee at the same facility or complex, regardless of whether they have supervisory authority over that employee.

In June 2017, Collins applied for the recently vacated position of Complex Human Resources Manager at the Montgomery complex. Collins was not considered for the promotion because of her relationship with Gill. At around the same time, Gill was promoted to a newly created position of Plant Manager over both plants as part of a planned reorganization that would soon merge the two plants.

About a month later, on July 15, 2017, Collins and Gill married. Shortly thereafter, on July 25, 2017, Collins was called into a meeting with Elrod and her immediate supervisor to confirm

that she had married Gill.  When Collins stated that she had, she was terminated for violating the revised anti-fraternization policy.

## II.    PROCEDURAL HISTORY

Collins filed this action alleging various federal and state claims.  Following discovery, the district court granted the defendants' joint motion for summary judgment as to some of Collins's claims, including, as relevant to this appeal, Collins's § 1981 claim that she was terminated because of her race (African American) and her Alabama claim of intentional infliction of emotional distress.  The district court denied summary judgment as to Collins's Title VII claims that Koch Foods had discriminated against her based on her gender both in failing to promote her and in terminating her.

The parties proceeded to a jury trial on her Title VII gender discrimination claims for failing to promote Collins to the Complex Human Resources Manager position in June 2017 and terminating her in July 2017.  During the four-day trial, Collins submitted evidence of her salary, bonuses, and benefits as a Human Resources Manager and the estimated salary range, raises, bonuses, and benefits if she had been promoted to be a Complex Human Resources Manager at Koch Foods.  Collins also testified to her earnings at other companies after she was terminated from Koch Foods.  In closing, Collins asked the jury to award her the difference in salary and benefits between her former job and the

Complex Human Resources Manager position as back pay for her promotion claim.

In response, Koch Foods acknowledged to the jury that Collins was asking for back pay "*through today, through the verdict*" (emphasis added) but argued that, because there had been no gender discrimination at all, there should be no award of back pay. Alternatively, Koch Foods contended that Collins's back pay should be reduced for the three months she waited before looking for another job. Notably, Koch Foods did not argue to the jury that any back pay for the denied promotion should stop accruing on the day Collins was terminated. Koch Foods never contended that if Collins had been promoted to the Complex Human Resources Manager position, Koch Foods would still have terminated her from that new position.

The district court instructed the jury that any award of back pay should be calculated from the date of the denial of the promotion "to the date of [the jury's] verdict."[1] Koch Foods not only did not object to this instruction, it jointly proposed this part of the instruction with Collins to the district court.

---

[1] The district court's charge stated that the jury "should consider the following elements of damage to the extent that you find Ms. Collins has proved them by a preponderance of the evidence, and no others: Net wages and benefits from the date that she was denied the promotion and/or discharged *to the date of your verdict . . . .*" (Emphasis added.)

20-13158                Opinion of the Court                7

Likewise, the district court gave the jury a special verdict form that asked the jury, among other things, whether Collins "should be awarded damages to compensate for a net loss of wages and benefits *to the date of your verdict*?" (Emphasis added.) Koch Foods did not object to this question on the verdict form. The district court largely adopted Koch Foods's proposed verdict form, which included this question and other special interrogatories. Koch Foods's proposed verdict form did not ask the jury whether Koch Foods would have terminated Collins on July 25, 2017 for violating the anti-fraternization policy even if she had been promoted to Complex Human Resources Manager position.

The jury found in favor of Koch Foods on Collins's termination claim, but in favor of Collins on her failure-to-promote claim. Specifically, the jury found that Collins's gender was not a motivating factor in Koch Foods's decision to terminate her, but that it was a motivating factor in Koch Foods's decision not to promote her to the Complex Human Resources Manager position. It also rejected Koch Foods's affirmative defense that it would have decided not to promote Collins even if it had not taken her gender into account. The jury awarded compensatory damages for Collins's net loss of wages and benefits in the amount of $262,000—which, as Koch Foods's counsel conceded at oral argument, included wages to the date of the jury's verdict.

Six weeks after the jury was discharged, Koch Foods filed a motion for remittitur arguing that the jury's back pay award was excessive. Koch Foods sought to reduce the jury's award of back

pay to $6,000 based on Collins's July 25, 2017 termination from the position of Human Resources Manager (over one plant), which the jury had found was not motivated by gender.  In response, Collins stressed that the jury had not found that Koch Foods would have terminated her employment if she had been promoted to the Complex Human Resources Manager position (over two plants) and that the trial evidence amply supported the jury's back pay award up to the date of the verdict.

The district court granted in part Koch Foods's remittitur motion, concluding that the nondiscriminatory termination of Collins cut off the accumulation of back pay.  The district court reduced Collins's back pay award of $262,000 to $10,853.84, which it determined would have been her pay only between a June 28, 2017 promotion to Complex Human Resources Manager and July 25, 2017, the date she was terminated as the deboning plant's Human Resources Manager.

## III.    DISCUSSION

### A.    Summary Judgment Order

We first affirm the district court's entry of summary judgment as to Collins's § 1981 race discrimination claim.  Collins's comparator evidence failed to establish a prima facia case of race discrimination or to present a "convincing mosaic" of circumstantial evidence of Koch Foods's racially discriminatory intent.

As to Collins's claim of intentional infliction of emotional distress under Alabama law, the district court did not err in refusing to consider Collins's new basis for her claim raised in her motion for summary judgment. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) (explaining that Federal Rule of Civil Procedure 8(a)'s liberal pleading standard "does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage"). In any event, no reasonable jury could find that the defendants' actions toward Collins were "so outrageous in character and so extreme in degree" that they went "beyond all possible bounds of decency" and were "atrocious and utterly intolerable in a civilized society." *See Ex Parte Bole*, 103 So. 3d 40, 52 (Ala. 2012) (quotation marks omitted).

## B.    Remittitur of Jury Award on Title VII Promotion Claim

"In general, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence." *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985); *see also Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1183 (11th Cir. 2010).[2]

---

[2] Generally, we review for abuse of discretion a district court's ruling on a motion for remittitur. *Goodloe v. Royal Caribbean Cruises, Ltd.*, 1 F.4th 1289, 1292 (11th Cir. 2021). Because a "ruling based on an error of law is an abuse of discretion," when we review a legal question, "[o]ur standard of review . . .

Title VII's purpose is to "make whole" victims of unlawful employment discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418-19, 95 S. Ct. 2362, 2372 (1975). To be consistent with this "make whole" purpose, a successful Title VII plaintiff is "*presumptively* entitled to back pay" calculated from the date of the adverse employment action "until [the] date of judgment." *Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1472-73 (11th Cir. 1985) (emphasis added); *see also Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999).

The Title VII plaintiff has "the initial burden" to prove economic loss resulting from the adverse employment action. *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1361 (11th Cir. 1982).[3] Once the plaintiff meets this initial burden, the defendant bears the burden of proving by a preponderance of the evidence that some "change in circumstances," such as the elimination of the plaintiff's former position, should limit back pay or front pay. *Muñoz v.*

is *de novo*, even though the question comes to us on review of the district court's [ruling on] a motion for remittitur." *Id.* at 1292-93.

[3] To satisfy her burden, the plaintiff must present some evidence from which the factfinder can reasonably calculate a back-pay award, which, at a minimum, requires evidence of the plaintiff's earnings during her employment. *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1344 (11th Cir. 2005) (concluding a successful Title VII plaintiff was entitled only to nominal damages because he failed to provide evidence of his actual earnings while employed). However, "[u]nrealistic exactitude is not required as the back-pay calculation may be based on just and reasonable inference of the missing or imprecise figure." *Id.* at 1343 (quotation marks omitted).

*Oceanside Resorts, Inc.*, 223 F.3d 1340, 1350 (11th Cir. 2000); *see Walker*, 684 F.2d at 1362 & n.9; *Archambault v. United Computing Sys., Inc.*, 786 F.2d 1507, 1514-15 (11th Cir. 1986).

Here, Collins carried her initial burden to prove economic loss as a result of the failure to promote her by presenting evidence of her actual salary and benefits as the Human Resources Manager and the salary and benefits she reasonably would have expected to receive as the Complex Human Resources Manager. *See Walker*, 684 F.2d at 1361. Thus, under our precedent, Collins's economic loss was presumed to continue up to the date of the judgment, and the burden shifted to Koch Foods to prove by a preponderance of the evidence that the loss was cut off because it would not have continued to employ Collins in the Complex Human Resources Manager position once it learned on July 25, 2017 that she had married Gill. *See id.* at 1362; *see also Muñoz*, 223 F.3d at 1350; *Archambault*, 786 F.2d at 1514-15.

However, in this particular case, Koch Foods did not argue to the jury that, even if it had promoted Collins to the Complex Human Resources Manager position (over 2 plants), it nonetheless would have terminated her on July 25, 2017, when it learned she had married Gill, and thus any accrual of back pay should cease on that date. *See Muñoz*, 223 F.3d at 1350 n.15 (concluding the defendant waived the issue of whether the elimination of the plaintiff's former position cut off back pay because, although the issue of back pay "was before the jury," the defendant "fail[ed] to raise [the] issue at trial").

Notably too, Koch Foods did not request a special interrogatory asking the jury to determine whether Koch Foods would have terminated Collins's employment on July 25, 2017, even if it had promoted her to the Complex Human Resources Manager position.  Importantly also, Koch Foods did not object to the special verdict form or to the district court's jury instruction on compensatory damages, both of which explicitly instructed the jury that compensatory damages for lost net wages and benefits should be awarded "to the date of your verdict."  Indeed, Koch Foods proposed this language in both the special interrogatory and the jury instruction.  And, finally, Koch Foods did not raise the back pay issue until after the jury had been discharged and could no longer make the necessary finding as to whether Koch Foods would have terminated Collins if she had been promoted to the Complex Human Resources manager position.

In short, under the particular factual and procedural circumstances presented here and the manner in which the back pay issue was tried to the jury in the district court, Koch Foods waived the issue of whether any back pay for its discriminatory denial of promotion to Collins based on her gender should be cut off as of July 25, 2017.  Accordingly, the district court abused its discretion in granting in part Koch Foods's motion for remittitur and in reducing the jury's award of $262,000 in back pay.

## IV.    CONCLUSION

For these reasons, we affirm the district court's granting of summary judgment in favor of the defendants on Collins's § 1981 discrimination claim and on her Alabama law claim of intentional infliction of emotional distress.  However, as to Collins's Title VII failure-to-promote claim, we vacate the district court's remittitur and remand for the district court to reinstate the jury's award of back pay against Koch Foods.

**AFFIRMED IN PART; VACATED AND REMANDED.**