[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15409
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03430-AT

STEVE L. THOMAS,

Plaintiff-Appellant,

versus

HOME DEPOT USA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 8, 2016)

Before WILLIAM PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal is about trial by jury or by the Court and the Rules of Civil Procedure.

Steven Thomas, proceeding pro se, appeals the district court's entry of final judgment in favor of Home Depot USA, Inc. ("Home Depot"), following a bench trial on Thomas's failure-to-hire racial discrimination claim under 42 U.S.C. § 2000e-2 ("Title VII").  Briefly stated, Thomas contends that Home Depot -- based on Thomas's race -- rescinded an offer of employment.  On appeal, in pertinent part, Thomas challenges the district court's denial of a jury trial.[*]  Reversible error has been shown; we vacate the judgment and remand.

Thomas filed this civil action against Home Depot, alleging a violation of Title VII.  In his initial complaint -- which was filed properly with the district court and served timely on Home Depot -- Thomas included a jury demand.

Home Depot filed a motion to dismiss Thomas's complaint for failure to state a claim and for failure to exhaust administrative remedies.  Thereafter, the magistrate judge granted Thomas leave to file an amended complaint.  In the amended complaint, Thomas reasserted his failure-to-hire claim against Home

---

[*] Because we conclude that Thomas is entitled to a jury trial, we do not reach Thomas's arguments on appeal about the merits of his underlying Title VII claim.

2

Depot, alleging more facts in support of his claim.  Thomas's amended complaint did not repeat the jury demand.

Home Depot moved for summary judgment.  The district court denied Home Depot's motion.  In doing so, the court concluded that Home Depot had failed to show that Thomas could establish no prima facie case of race discrimination.  The district court also concluded that sufficient circumstantial evidence existed to allow a reasonable "jury" to find that Home Depot's proffered legitimate non-discriminatory reasons for rescinding Thomas's job offer were pretextual.

Then, at a pretrial conference, the district court denied Thomas's request for a jury trial.  The district court concluded that, although Thomas had requested a jury trial in his original complaint, his amended complaint -- which contained no jury demand -- superseded completely his original complaint.  The district court also explained that it was too late in the proceedings to grant an untimely request for a jury trial and expressed concern about the difficulties a pro se plaintiff would have representing himself adequately in front of a jury.  Thomas moved for reconsideration of the request for a jury trial; the district court denied that motion.

The district court conducted a bench trial on Thomas's claims and entered judgment in favor of Home Depot.  The district court found and concluded that Thomas failed to show that Home Depot's proffered legitimate, non-discriminatory

3

reason for rescinding Thomas's job offer was a pretext for race discrimination. This appeal followed.

We review de novo the interpretation of the Federal Rules of Civil Procedure. We review with "exacting scrutiny" the denial of a jury trial. Mega Life & Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1403 (11th Cir. 2009). The right to a jury trial is fundamental, and -- although the right may be waived -- we must "indulge every reasonable presumption against waiver." Id. (alterations omitted). We must vacate a judgment based upon an unconstitutional denial of a jury trial, unless the denial constituted harmless error. LaMarca v. Turner, 995 F.2d 1526, 1544 (11th Cir. 1993).

"The right to trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). A party wishing to assert his right to a jury trial must "demand a jury trial by (1) serving the other parties with a written demand -- which may be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d). Once a demand for a jury trial has been properly served and filed, however, it "may be withdrawn only if the parties consent." Id. For purposes of Rule 38, the parties

may consent by filing a stipulation to a nonjury trial or by making an oral stipulation on the record.  See Fed. R. Civ. P. 39(a)(1).

Here, Thomas included a demand for a jury trial in his original complaint. Thomas's jury demand was both served and filed properly, in accordance with Rule 38(b).  Thus, because Thomas's demand for a jury trial was properly completed, it could be withdrawn only with the consent of the parties.  See Fed. R. Civ. P. 38(d).

That Thomas later filed an amended complaint containing no jury demand did not render invalid Thomas's initial jury demand or withdraw it.  Generally speaking, an amended complaint supersedes the original complaint: averments against one's adversaries dropped from the original complaint no longer count. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007).  A jury demand, however -- although it may be included in a pleading -- is no element of a complaint itself.  See Fed. R. Civ. P. 8(a), 38.  Most important, the ways by which a proper jury demand, once made, may be withdrawn are governed in a case like this one by the letter of the Federal Rules of Civil Procedure.  Nothing in the Federal Rules of Civil Procedure provides that a proper and complete jury demand can be withdrawn by a later amended complaint totally silent on the issue of a jury trial.  Because Thomas's amended complaint did not -- as a matter of law, could not -- "supersede" Thomas's earlier jury demand, and because the amended

complaint included no consent of the parties to withdraw the earlier-made jury demand, the district court erred in denying Thomas a jury trial.

Although unconstitutional denials of jury trials may be subject to harmless error review, an error may be deemed harmless "only where the issues could have been disposed of on summary judgment or judgment as a matter of law." Burns v. Lawther, 53 F.3d 1237, 1243 (11th Cir. 1995). Here, the district court denied Home Depot's motions for summary judgment and for judgment as a matter of law. Later, when finally deciding the case's merits, the district court weighed the evidence introduced at trial; and the court based its decision at least in part on a determination about the credibility of testimony. On this record, we cannot say that the district court's denial of a jury trial was harmless: "questions of witness credibility are the exclusive province of the jury." See United States v. Hernandez, 743 F.3d 812, 815 (11th Cir. 2014).

We vacate the judgment and remand for retrial before a jury.

VACATED AND REMANDED.