[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11380
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03430-RWS


STEVE L. THOMAS,

                                                    Plaintiff-Appellant,

versus

HOME DEPOT USA, INC.,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 25, 2018)


Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Steve Thomas, proceeding pro se,[1] appeals the district court's entry of judgment as a matter of law in favor of Home Depot USA, Inc. ("Home Depot"). The district court entered judgment following a jury trial on Plaintiff's failure-to-hire race discrimination claim brought under 42 U.S.C. § 2000e-2 ("Title VII"). Reversible error has been shown; we vacate the judgment and remand for further proceedings.

Briefly stated, Plaintiff's claim arises from Home Depot's rescission of an offer of employment. Plaintiff (who is African American) applied online for a position at Home Depot. Plaintiff was scheduled for and attended an in-person interview on 5 September 2012. Later that day, Plaintiff contacted Home Depot's Retail Staffing Center ("RSC") to complain that he felt rushed and discriminated against during the interview. In response to Plaintiff's complaint, an RSC manager contacted the hiring manager at a second Home Depot store -- Heinrich Canthal -- and requested that Canthal interview Plaintiff. Canthal was told that Plaintiff had had a bad experience during an interview at another store.

Immediately following Plaintiff's second interview on September 11, Canthal offered Plaintiff a part-time position with the merchandising execution

---

[1] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

team ("MET"), conditioned on Plaintiff's passing a drug screen and a criminal background check.  Canthal also had a second part-time opening on his team, which he offered to another applicant.

Meanwhile – Home Depot says that after Plaintiff had been offered the job but before the hiring process was finalized -- a current full-time MET associate (Tony Baggett, who was African American) requested a transfer to Canthal's team. Baggett was a former supervisor with whom Canthal had worked in the past. Canthal decided to fill his two part-time openings -- one of which had been offered to Plaintiff -- with a full-time internal transfer.  Ultimately, Baggett decided not to make the transfer, but a second full-time MET supervisor (Michael Warren, who was Caucasian) requested a transfer to Canthal's team and accepted the full-time position.

On 14 September, Plaintiff called Canthal about the status of his application. Canthal told Plaintiff that the position was no longer available, but provided no explanation for his decision to rescind the offer.  Plaintiff also alleges that Canthal said he had received a call from Kip Armstrong: the store manager at the Home Depot store where Plaintiff first interviewed and whom Plaintiff believed mistakenly was the person who interviewed him on 5 September.[2]  Armstrong

---

[2] The record shows -- and Plaintiff concedes -- that Armstrong conducted no interview of Plaintiff and that Plaintiff never spoke with or saw Armstrong on the pertinent day.

3

allegedly told Canthal about Plaintiff's complaint to the RSC and commented to Canthal that "some African Americans are rabble rousers."

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that his job offer was rescinded based on race discrimination. Plaintiff says he first learned that the MET position had been filled by a full-time internal transfer in July 2013, based on a letter he received from the EEOC. The EEOC dismissed Plaintiff's complaint and issued a right-to-sue letter.

Plaintiff then filed pro se this civil action against Home Depot. Following a bench trial, the district court entered judgment in favor of Home Depot. Thomas appealed and this Court vacated and remanded, on grounds that Thomas was entitled to a jury trial. See Thomas v. Home Depot USA, Inc., 661 F. App'x 575 (11th Cir. 2016) (unpublished).

On remand, Plaintiff's case proceeded to a jury trial. Following Plaintiff's case-in-chief, the district court granted Home Depot's motion for a judgment as a matter of law, pursuant to Fed. R. Civ. P. 50. The district court concluded -- as a matter of law -- that Plaintiff had failed to produce evidence sufficient to allow a reasonable jury to determine that Home Depot's legitimate nondiscriminatory

4

reason for rescinding the offer of employment was a pretext for race

discrimination.[3]

I.

Plaintiff first challenges the district court's exclusion of Armstrong's alleged

"rabble rouser" comment.[4]

We review for abuse-of-discretion the district court's evidentiary rulings.

Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295, 1304 (11th Cir. 2016).  Under this

standard, we will affirm "unless the district court has made a clear error of

judgment or has applied an incorrect legal standard" and the error "affects the

substantial rights of the parties." Id.  "Substantial rights are affected if one cannot

say, with fair assurance that the judgment was not substantially swayed by the

error." Id. (quotations and alteration omitted).

---

[3] Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies.  Under this framework, the plaintiff must establish a prima facie case, which creates a presumption of unlawful discrimination against the employee.  The employer may then rebut that presumption with legitimate, nondiscriminatory reasons for the adverse employment acts.  The employee must then proffer sufficient evidence to create a genuine issue of material fact that the defendant's articulated reasons are pretextual.  See Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008).

[4] We reject Plaintiff's contention that the alleged "rabble rouser" comment constitutes direct evidence of discrimination.  "[O]nly the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." Akouri v. State of Fla. Dep't of Transp., 408 F.3d 1338, 1347 (11th Cir. 2005) (quotations omitted).  Where -- as here -- "the alleged statement suggests, but does not prove, a discriminatory motive, then it is considered circumstantial evidence." See id.

We conclude that the exclusion of Armstrong's alleged "rabble rouser" comment constituted an abuse of discretion.  In explaining its ruling to exclude the comment, the district court said only that nothing evidenced that the decision-maker in the case had ever heard the comment.  Plaintiff, however, contends that the decision-maker (Canthal) was in fact the person who told Plaintiff about the comment.  That no additional evidence in the record corroborates Plaintiff's allegation does not render Plaintiff's testimony about the comment inadmissible.

Contrary to Home Depot's arguments on appeal, we see no other permissible grounds for excluding the comment.  The "rabble rouser" comment is clearly relevant to the question of whether Canthal acted with discriminatory motive.  The comment was made allegedly by one store manager to another store manager -- who was also the ultimate decision-maker in this case -- during a conversation about Canthal's decision to hire Plaintiff and that occurred close in time to Canthal's offer of employment.  The comment, thus, cannot be characterized as a stray remark unrelated to the decisional process.  Cf. Steger v. G.E., 318 F.3d 1066, 1079 (11th Cir. 2003); Holifield v. Reno, 115 F.3d 1555, 1563-64 (11th Cir. 1997).

Relevant evidence may still be excluded if its probative value is outweighed substantially by the danger of unfair prejudice or jury confusion.  Fed. R. Evid. 403.  But we have said that exclusion under Rule 403 is "an extraordinary remedy

6

which should be used sparingly," and that a district court's discretion to do so is "narrowly circumscribed." Aycock v. R.J. Reynolds Tobacco, Co., 769 F.3d 1063, 1069 (11th Cir. 2014). Particularly given the high probative value of the "rabble rouser" comment -- which also constituted Plaintiff's chief evidence of a potential racial motive -- exclusion under Rule 403 would have been inappropriate. Cf. id. ("As evidence becomes more essential, its probative value becomes greater.").

Having concluded that the "rabble rouser" comment was excluded erroneously, we must now consider whether that error affected Plaintiff's substantial rights: was the error harmless? See Furcron, 843 F.3d at 1304. Accordingly, in determining whether Home Depot was entitled to judgment as a matter of law, we will consider both the evidence admitted at trial and the excluded "rabble rouser" comment.

## II.

We review de novo a district court's entry of judgment as a matter of law. Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). A grant of judgment as a matter of law is appropriate "when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192

(11th Cir. 2004).  In reviewing the district court's ruling, we consider all evidence in the record as a whole, drawing all reasonable inferences in favor of the nonmoving party.  Id. at 1192-93.  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  Id. at 1193.

Home Depot says Plaintiff's job offer was rescinded because a current full-time MET associate with whom Canthal had worked in the past sought to transfer to Canthal's team.  Accordingly, Canthal made a business decision to fill the two part-time openings with one full-time internal transfer.  This reason is sufficient to satisfy Home Depot's "exceedingly light" burden of articulating a legitimate nondiscriminatory reason for the adverse employment act.  See Smith v. Horner, 839 F.2d 1530, 1537 (11th Cir. 1988).

Because Home Depot's "proffered reason is one that might motivate a reasonable employer," Plaintiff "must meet that reason head on and rebut it, and [he] cannot succeed by simply quarreling with the wisdom of that reason."  See Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1265-66 (11th Cir. 2010).  In the light of all the evidence, the district court must then determine "whether the plaintiff has cast sufficient doubt on the defendant's proffered reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct."  Combs v. Plantation Patterns,

8

Meadowcraft, Inc., 106 F.3d 1519, 1538 (11th Cir. 1997) (quotations omitted).  In conducting this inquiry, the district court considers "whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  Id. (quotations omitted).

Plaintiff contends the circumstances surrounding the rescission of his job offer suggest that Home Depot's proffered nondiscriminatory reason is not believable.  Plaintiff first points to the close timing between his being offered the job on 11 September and having the offer rescinded on 14 September.  Plaintiff also contends that the plausibility of Home Depot's proffered reason is undercut by evidence that (1) Canthal provided initially no explanation about his decision to rescind the offer; (2) Plaintiff first learned that the position was filled by an internal transfer months later, after Plaintiff filed a complaint with the EEOC; and (3) the full-time MET position was filled ultimately by someone other than Baggett and a white person.[5]  We are persuaded that this evidence, together with the excluded "rabble rouser" comment -- when viewed in the light most favorable to

---

[5] Plaintiff also contends that Baggett was not employed by Home Depot in 2012 and that the 5 September interviewer created fraudulent test results.  Plaintiff, however, has pointed to no record evidence to support these allegations.

9

Plaintiff -- is sufficient to allow a reasonable juror to disbelieve Home Depot's proffered nondiscriminatory reason.

Having made that determination, we conclude necessarily that the district court erred in granting Home Depot's motion for judgment as a matter of law. Once a plaintiff produces evidence sufficient to cast doubt on the employer's proffered non-discriminatory reason, the question of whether race discrimination was the real reason for the adverse employment decision becomes one for the jury to decide. Combs, 106 F.3d at 1538.

III.

We reject Plaintiff's argument that the district court erred in denying his motion for costs associated with his earlier appeal. When -- as in this case -- this Court vacates a judgment, "costs are taxed only as the court orders." See Fed. R. App. P. 39(a)(4). Because we already awarded costs in favor of Plaintiff following his earlier appeal -- and granted Plaintiff's requested cost amount -- the district court denied properly Plaintiff's motion for additional costs.

VACATED AND REMANDED.