[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15044
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03430-RWS

STEVE L. THOMAS,

Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 20, 2019)

Before WILSON, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Steve Thomas, proceeding pro se,[1] appeals the final judgment following a jury verdict in favor of Home Depot U.S.A., Inc. ("Home Depot") on Plaintiff's failure-to-hire racial discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"). No reversible error has been shown; we affirm.

I. Background

Briefly stated, Plaintiff (a black male), submitted an online job application to Home Depot. Plaintiff attended in-person interviews at two different store locations. Immediately after Plaintiff's second interview, the store manager offered Plaintiff a part-time position. A few days later, however, the job offer was rescinded.

Plaintiff later filed a pro se civil action against Home Depot, alleging that the decision to rescind his job offer was based -- at least in part -- on his race, in violation of Title VII. Plaintiff's civil litigation has since resulted in three trials in the district court and now three appeals in this Court. The district court first

---

[1] We construe liberally pro se pleadings. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

2

conducted a bench trial on Plaintiff's claim, after which the district court entered judgment in favor of Home Depot. We vacated the judgment and remanded on grounds that Plaintiff was entitled to a jury trial. See Thomas v. Home Depot USA, Inc., 661 F. App'x 575 (11th Cir. 2016) (unpublished).

On remand, the district court conducted a jury trial. After Plaintiff's case-in-chief, the district court granted Home Depot's motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50. On appeal, we once again vacated the judgment and remanded for a new trial. We concluded that the district court abused its discretion in excluding evidence of a comment made by one of Home Depot's store managers. We determined that -- when considered together with the improperly excluded comment -- Plaintiff had submitted enough evidence to raise a jury question about whether race was the real reason behind the decision to rescind Plaintiff's job offer. See Thomas v. Home Depot USA, Inc., 731 F. App'x 889 (11th Cir. 2018) (unpublished).

On remand, the district court conducted a second jury trial which resulted in a jury verdict in favor of Home Depot. On the verdict form, the jury indicated that Plaintiff had failed to prove by a preponderance of the evidence that Plaintiff's race was a motivating factor in the decision to rescind Plaintiff's job offer. This appeal followed.

3

II. Discussion

A. Jury Instructions & Verdict Form[2]

Plaintiff objects to the district court's references in the jury instructions and in the jury verdict form to Plaintiff's truthfulness (or lack thereof) on his job application. Plaintiff contends that, by mentioning Plaintiff's truthfulness, the district court sent a "subliminal message" to the jury to focus on Plaintiff's misrepresentations on his job application instead of on the issues pertinent to Plaintiff's claim for race discrimination.

"We review jury instructions de novo to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1233 (11th Cir. 2004). If the jury instructions and verdict forms "accurately reflect the law," trial judges have "wide discretion as to the style and wording employed." Johnson v. Breeden, 280 F.3d 1308, 1314 (11th Cir. 2002).

---

[2] Given Plaintiff's pro se status and the district court's statement to Plaintiff that his objection preserved his challenge to the jury instructions and to the verdict form, we treat the issue as preserved and address Plaintiff's argument on the merits.

4

In determining whether the jury instructions reflected accurately the law, we examine the instructions "as a whole." Gowski v. Peake, 682 F.3d 1299, 1314 (11th Cir. 2012). "Jury instructions must be put in context; we consider the allegations of the complaint, the evidence presented, and the arguments of counsel when determining whether the jury understood the issues or was misled." Id. at 1315. Jury instructions must "give the jury a clear and concise statement of the law applicable to the facts of the case." Id. We will reverse only when "there is no basis in the record for the instruction given." Id. If, however, "the totality of the instructions properly express the law applicable to the case, there is no error even though an isolated clause may be inaccurate, ambiguous, incomplete or otherwise subject to criticism." Id.

Title VII makes it unlawful for an employer to discriminate against a person because of his race. 42 U.S.C. § 2000e-2(a)(1). To establish a claim for unlawful discrimination under a mixed-motive theory -- as in this case -- a plaintiff must prove by a preponderance of the evidence that race "was a motivating factor for [the complained-of] employment practice, even though other factors also motivated the practice." See id. § 2000e-2(m); Desert Palace, Inc. v. Costa, 539 U.S. 90, 101 (2003). If a plaintiff satisfies his burden of proving unlawful discrimination under Title VII, the employer may assert -- as an affirmative

5

defense -- that plaintiff's damages are limited by after-acquired evidence that plaintiff misrepresented information on his job application.  See Holland v. Gee, 677 F.3d 1047, 1065 (11th Cir. 2012); Wallace v. Dunn Constr. Co., 62 F.3d 374, 379-80 (11th Cir. 1995) (en banc).

As an initial matter, we reject Plaintiff's argument that Home Depot waived its affirmative defense by failing to plead it sufficiently in its answer to Plaintiff's amended complaint.  We have said that an affirmative defense is not waived -- even if a defendant fails to raise it in its answer -- if the pretrial order includes the defense and, thus, gives fair notice to the plaintiff and to the court of the issues to be tried.  See Pulliam v. Tallapoosa Cnty. Jail, 185 F.3d 1182, 1185 (11th Cir. 1999).  Because the pretrial order in this case included express reference to Home Depot's affirmative defense -- that "Plaintiff's damages are barred by . . . after-acquired evidence of his misrepresentations on his application for employment" -- no waiver occurred.[3]

Considering the record as a whole, we see no reversible error in the jury instructions or the jury verdict form.  During the jury charge, the district court

---

[3] We also reject Plaintiff's argument that Home Depot was unentitled to a jury instruction on its affirmative defense because it failed to produce sufficient evidence at trial to satisfy its burden of proof.  At trial, Home Depot produced evidence that Plaintiff misrepresented his education and work history on his job application; Plaintiff testified in response.  On this record, Home Depot was entitled to a jury instruction on its affirmative defense: whether Home Depot proved its affirmative defense by a preponderance of the evidence was a question for the jury to decide.

6

summarized the parties' respective arguments. In pertinent part, the district court described accurately Home Depot's second affirmative defense: "that had [Plaintiff] been truthful in the hiring process [Home Depot] would not have hired him -- would not have offered him the position."

The district court then instructed the jury properly on the elements of Plaintiff's Title VII race discrimination claim and on the applicable burden of proof. The district court explained that -- if the jury found that Plaintiff had satisfied his burden of proof on each element of his Title VII claim -- the jury must then decide whether Home Depot had proved its two affirmative defenses by a preponderance of the evidence, including whether Plaintiff had failed to "provide truthful information regarding his work experience during the hiring process." The jury verdict form mirrored the district court's instructions.

The jury instructions and the jury verdict form reflect accurately the applicable law and were not misleading to the jury. To the extent the district court mentioned Plaintiff's "truthfulness" in instructing the jury, it was in the context of describing Home Depot's affirmative defense and Home Depot's burden of proving that defense. The district court said nothing that can be construed reasonably as an improper comment about Plaintiff's credibility or that was likely to mislead the jury in its deliberations. The district court also instructed the jury

7

correctly that it should consider Home Depot's affirmative defenses -- including whether Plaintiff had been truthful on his job application -- only <u>after</u> the jury found that Plaintiff had proved by a preponderance of the evidence that race was a motivating factor in Home Depot's decision to rescind Plaintiff's job offer.  We presume that the jury followed the district court's instructions.  <u>See Gowski</u>, 682 F.3d at 1315.

The district court committed no error in instructing the jury on Home Depot's affirmative defense.  To the extent Plaintiff contends he is entitled to a new trial based on the misleading nature of the jury instructions and the jury verdict form, we reject that argument as without merit.[4]

B. Recusal

Plaintiff next challenges the district court's denial of Plaintiff's motions for recusal.  Plaintiff contends that Judge Story displayed personal bias against him --

---

[4] In his appellate brief, Plaintiff raises no substantive argument challenging the district court's denial of Plaintiff's motion for a new trial; that argument is not properly before us on appeal. For background, see <u>Sapuppo v. Allstate Floridian Ins. Co</u>., 739 F.3d 678, 681 (11th Cir. 2014) ("an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

and against pro se litigants in general -- during Plaintiff's second and third trials.[5]

We review for abuse of discretion the district court's rulings on a motion for recusal.  United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999).  We will affirm a judge's refusal to recuse unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons."  Id.

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  "Bias sufficient to disqualify a judge under section 455(a) and section 455(b)(1) must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."  Bailey, 175 F.3d at 968 (quotations omitted).

As grounds for recusal, Plaintiff identifies the following examples of Judge Story's purported "personal bias."  During Plaintiff's second trial, Judge Story (1) excluded evidence (the store manager's comment) crucial to Plaintiff's case-in-chief and (2) granted Home Depot's motion for judgment as a matter of law. During Plaintiff's third trial, Judge Story (1) issued improper and biased jury

---

[5] The district court judge who presided over Plaintiff's first bench trial granted Plaintiff's motion to recuse "based solely on Plaintiff's perception of unfairness."  Plaintiff's case was then reassigned to Judge Story.

instructions, (2) limited Plaintiff to 30 minutes for his closing and rebuttal arguments, and (3) sustained "99.5 percent" of Home Depot's objections during trial.

No unfair prejudice has been shown.  That Judge Story ruled adversely to Plaintiff -- without more -- is insufficient to demonstrate pervasive bias or prejudice mandating recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  We also reject Plaintiff's contention that Judge Story should have recused himself after Plaintiff purportedly "conducted a public protest against Judge Story."  Among other things, we are extremely reluctant to allow a party's own acts to trigger recusal.  Nor can we "assume that judges are so irascible and sensitive that they cannot fairly and impartially deal with resistance to their authority or with highly charged arguments about the soundness of their decision." See Ungar v. Sarafite, 376 U.S. 575, 584 (1964) (concluding no recusal was warranted based on a party's "contemptuous remarks" and personal criticism of the presiding judge).

The district court abused no discretion in denying Plaintiff's motions to

recuse; we affirm.

AFFIRMED.[6]

---

[6] In his appellate brief, Plaintiff contends that Home Depot "abused its discretion" in its method of paying appellate costs awarded to Plaintiff. Construed liberally, Plaintiff's argument raises no challenge to a final appealable order issued by the district court.